Carl DREISBACH and Thomas
Johnson, Appellants,

v.

Thomas EIFLER, Harrods Creek Proper-
ties, Fort Knox National Bank, Donald
Black, and Annette Black, Appellees.

No. 87–CA–000987–MR.

Court of Appeals of Kentucky.

July 1, 1988.

Rehearing Denied Oct. 21, 1988.

Discretionary Review Denied
by Supreme Court March 8, 1989.

Alfred J. Simon, Jr., Louisville, for appellants.

Harry Lee Meyer, Popkin, Stern & Meyer, Gary A. Tabler, Neil A. Banks, Louisville, for appellees.

Donald and Annette Black, Louisville, pro se.

Before CLAYTON, HAYES and
REYNOLDS, JJ.

CLAYTON, Judge.

In 1976, Thomas Eifler and Donald Black entered into a partnership. These two persons purchased a piece of real estate in a partnership name on November 30, 1976. The recorded deed specifically indicates that the purchaser of the property was "Harrods Creek Properties, a partnership composed solely and only of Thomas O. Eifler and Donald J. Black, Number 3 Indian Hills Trail, Louisville, Kentucky." That deed was recorded on July 13, 1977. On that same day in July, a promissory note was executed with Ft. Knox National Bank by Donald Black and Thomas O. Eifler d/b/a Harrods Creek Properties in the sum of $15,000.

In September of 1978, Annette Black (Donald's wife) attempted to assign an interest in the partnership property to the two appellants, Carl Dreisbach and Thomas Johnson. The document which embodies this transfer was entitled "Assignment of Deed" and contained a legal description of the property which matched that legal description of the property sold to her husband Donald and Thomas Eifler as the partnership entity of Harrods Creek Properties. Six months later, in March of 1979, Annette executed another document to Dreisbach and Johnson attempting to convey her "partnership interest" in Harrods Creek Property. That document was recorded on April 23, 1979.

In the interim, on April 10, 1979, Eifler, acting as a partner in Harrods Creek Properties, entered into a mortgage with Ft. Knox National Bank. The Mortgage was for the sum of approximately $12,500. That sum represented the unpaid principal and interest of the note entered into by Eifler and Donald Black d/b/a Harrods Creek Properties. The mortgage contained a legal description of the real estate which was purchased in November of 1976 by Eifler and Donald Black in the partnership name.

Subsequently, Donald and Annette Black filed for bankruptcy in May of 1979. The trustee eventually waived the bankrupt's estate's interest in the partnership assets on the basis that the property was encumbered for more than its value. The trustee filed his intention to abandon the interest in the partnership on May 19, 1980. That action was approved by the bankruptcy court on January 19, 1981. In the interim, Donald and Annette Black executed another deed dealing with this same property in favor of Carl Dreisbach and Thomas Johnson.

In July of 1981, Eifler as a partner d/b/a Harrods Creek Properties, filed a petition for declaration of rights requesting the court to declare and adjudge that the partnership owned the property in fee simple and therefore sought to enjoin all other parties from asserting an adverse claim. After extensive circuit court activity, in March of 1987 the trial court found that ownership of the real estate in question was vested solely in Thomas O. Eifler, individually, subject to the mortgage lien held by Ft. Knox National Bank. Further, each of the assignments attempted by Annette and the deed signed by Donald and her were found to be null and void. That, of course, meant that Dreisbach and Johnson had no interest in the property. Further, Donald Black's action of filing a bankruptcy served to dissolve the partnership pursuant to KRS 362.300(5). Finally, since Donald failed to participate in this particular circuit court action, a default judgment was entered against him and thus the property ownership was vested in Eifler, individual-ly, subject to the mortgage which recited the partnership debt.

The record contains a carefully prepared set of findings of fact, conclusions of law and order which discusses and presents the facts, issues, and questions involved in a very thorough and cogent fashion.

First, the trial court found that since the real estate was initially held by Thomas Eifler and *Donald* Black as partnership property, then partnership law controls. We agree. The Kentucky Legislature adopted in 1954 the Uniform Partnership Act as embodied in KRS 362.150 et seq. That act provides specifically for ownership of property as a partnership entity and we can find no reason why this situation should be an exception to application of the partnership act.

Next, the trial court found that Annette Black had no interest as a partner and thus was not in possession of any interest which she could transfer to Dreisbach and Johnson. That finding rendered the "Assignment of Deed" of September of 1978 null and void, as well as the March, 1979 "Assignment of Partnership Interest." We agree with the trial court's analysis of the facts and application of the law. Ky.Rev.Stat. 362.185(3) specifically states that "[A]ny estate in real property may be acquired in the partnership name. Titles so acquired can be conveyed only in the partnership name." None of the three attempts to transfer interest in the property were done in the partnership name. Further, an additional statute applies. A partner cannot sell their interest in specific partnership property, as stated in KRS 362.270, "Nature of a Partner's Right in Specific Partnership Property." The applicable provisions in that statutory section are:

(1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.

(2) The incidents of this tenancy are such that:

(b) A partner's right in specific partnership property is not assignable except in connection with the assignment of

rights of all the partners in the same property.

(c) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership.

The official commentary of this section of the Uniform Laws Annotated of the Uniform Partnership Act explains why this scheme was adopted.

Clause (b) asserts that the right of a partner as a co-owner in specific partnership property is not separately assignable. This peculiarity of tenancy in partnership is a necessary consequence of the partnership relation. If A and B are partners and A attempts to assign all his right in partnership property, say a particular chattel, to C, and the law recognizes the possibility of such a transfer, C would pro tanto become a partner of B; for the rights of A in the chattel are to possess the chattel for a partnership purpose. But partnership is a voluntary relation. B cannot have a partner thrust upon him by A without his, B's, consent. A cannot confer on C his, A's, right to possess and deal with the chattel for a partnership purpose. Neither can he confer any other rights which he has in the property. A partner has a beneficial interest in partnership property considered as a whole. As profits accrue, he has a right to be paid his proportion, and on the winding up the business, after the obligations due third persons have been met, he has a right to be paid in cash his share of what remains of the partnership property. These rights considered as a whole are his interest in the partnership; and this beneficial interest he may assign in whole or fractional part ... Uniform Partnership Act (U.L.A.), Section 25.

■ This section of the Uniform Partnership Act of the Uniform Laws Annotated has been consistently applied in other jurisdictions by its plain terms. *See* Uniform Partnership Act (U.L.A.), Section 25. Simply put, since a partner owns no personal specific interest in any specific property or asset of the partnership, then a partner cannot assign an interest in any specific property or particular assets. *Putnam v. Shoaf,* Tenn.App., 620 S.W.2d 510 (1981). Thus, even if Annette was assumed to be a partner, she could not have assigned to Dreisbach and Johnson her interest in that specific real estate. Therefore, her first Deed of Assignment is unquestionably invalid.

■ But what of the March, 1979 attempt to assign her interest in the partnership in general? There is no question that under Kentucky's statutory scheme that a partner's interest in the partnership is his share of the profits and surplus, and that that interest is personal property. KRS 362.275. A partner's interest in the partnership is a property right which may be conveyed to third persons. *Benton v. Albuquerque National Bank,* 103 N.M. 5, 701 P.2d 1025 (1985). However, in order for Annette to have validly transferred an interest in the partnership, it must be demonstrated that she *had* an interest in the partnership. That has not been shown.

■ That leads to the question of the validity of the third document attempting to transfer an interest in the property, i.e. the deed by Donald and Annette to Dreisbach and Johnson made in September of 1980. As previously stated, a partner has no right to transfer an interest in specific partnership property.

This case was disposed of by summary judgment. The entry of summary judgment is proper where there is no question in regard to a genuine issue of material fact and where the moving party is entitled to a judgment as a matter of law. *Beasley v. Trontz,* Ky.App., 677 S.W.2d 891 (1984). The trial court relied upon uncontested facts in the record to render the judgment. The legal significance of those facts support the trial court's ruling, and summary judgment was proper.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.